**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

ANDREW DUNN,                         *
                                     *
     Petitioner,                     *
                                     *
     v.                              *          CV 125-134
                                     *
GREGORY SAMPSON, Warden,             *
                                     *
     Respondent.                     *

---

**O R D E R**

---

Presently pending before the Court is Petitioner's motion to dismiss the indictment.  (Doc. 15.)  For the following reasons, Petitioner's motion is **DENIED**.

**I. BACKGROUND**

Petitioner filed a habeas corpus petition as to his state court criminal charges in Richmond County, Georgia.  (Doc. 1.)  In February 2013, a Richmond County Superior Court jury convicted Petitioner of five felony counts of armed robbery and possession of a firearm during the commission of a crime as well as three misdemeanor counts of possession of a firearm by a person under the age of eighteen.  (Id. at 28.)  On June 14, 2013, the trial court sentenced him to five consecutive life sentences for the armed robbery convictions and twenty-six years confinement for the remaining convictions.  (Id.)  Petitioner filed a motion for new trial, then filed an amended motion, which the trial court denied

in part and granted in part. (Id.) Specifically, the trial court reversed and vacated Petitioner's convictions on the three counts of possession of a firearm by a person under the age of eighteen. (Id. at 28, 30.) Petitioner, through appellate counsel, appealed to the Georgia Court of Appeals. (Id. at 2, 30.) On April 9, 2015, the Georgia Court of Appeals "determined there was no reversible error and affirmed Petitioner's convictions and sentences." (Id. at 30.)

Petitioner executed a habeas corpus petition on June 4, 2025, and the Clerk of Court filed it on June 10, 2025. (Id. at 1, 24.) In the petition, Petitioner raises several grounds of ineffective assistance of appellate counsel, a violation of his Sixth Amendment confrontation right, and a violation of his Sixth Amendment compulsory process right. (Id. at 6-21.) On September 9, 2025, the Court adopted the Magistrate Judge's Report and Recommendation to dismiss the petition as untimely, denying a certificate of appealability ("COA"), and finding Petitioner is not entitled to appeal in forma pauperis. (Doc. 8, at 1-2; Doc. 3-1, at 3-8.) On September 26, 2025, Petitioner filed a notice of appeal. (Doc. 10.) On November 7, 2025, the Eleventh Circuit dismissed the appeal for want of prosecution. (Doc. 13.) On December 24, 2025, Defendant filed a motion to dismiss the indictment. (Doc. 15.) Because the Court's September 9, 2025 Order (the "Order") dismissed the petition, the Court construes Petitioner's motion to dismiss indictment as a motion for reconsideration.

2

## II. LEGAL STANDARD

"Reconsideration of a previous order is an extraordinary remedy, to be employed sparingly." Armbuster v. Rosenbloom, No. 1:15-cv-114, 2016 WL 1441467, at *1 (S.D. Ga. Apr. 11, 2016) (citation and internal quotation marks omitted); see also Spellman v. Haley, No. 97-T-640-N, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2002) ("[L]itigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling."). Because such remedy "is not an appeal, . . . it is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought through - rightly or wrongly." Armbuster, 2016 WL 1441467, at *1 (citation and internal quotation marks omitted).

It is well established that "additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." Gougler v. Sirius Prods., Inc., 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citation omitted); see also Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of a motion for reconsideration to afford a litigant "two bites at the apple"); Rossi v. Troy State Univ., 330 F. Supp. 2d 1240, 1249-50 (M.D. Ala. 2002) (denying motion for reconsideration when plaintiff failed to submit relevant evidence prior to entry of original order and failed to show good cause for the omission). Furthermore, "the moving party must set forth facts or law of a strongly convincing nature to induce the court to

3

reverse its prior decision." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (citation omitted). And, ultimately, "the decision to grant a motion for reconsideration is committed to the sound discretion of the district judge." Townsend v. Gray, 505 F. App'x 916, 917 (11th Cir. 2013) (citation and internal quotation marks omitted).

A court may reconsider a final order or judgment under Federal Rule of Civil Procedure 59 or 60. Brown v. Synovus Fin. Corp., 783 F. App'x 923, 931 (11th Cir. 2019) (citation omitted). Petitioner fails to note under which rule he brings this action; thus, it is up to the Court to determine. Generally, "if a motion is filed within twenty-eight days of judgment, the motion should be analyzed under Rule 59 framework." Brown v. Spells, No. 7:11-cv-91, 2011 WL 4543905, at *1 (M.D. Ga. Sept. 30, 2011); accord Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003) (analyzing Rule 59 under former ten-day deadline). However, this is not the only distinction between the two rules. "Rule 59(e) applies to motions for reconsideration of matters that are encompassed in a decision on the merits of the dispute," while Rule 60 applies to motions for reconsideration of matters "collateral to the merits." Brown, 783 F. App'x at 931 (citing Finch v. City of Vernon, 845 F.2d 256, 258 (11th Cir. 1988)).

Petitioner filed his motion more than three months after entry of the Order; therefore, the Court analyzes the motion under Federal Rule of Civil Procedure 60(b). See Brown, 2011 WL 4543905,

4

at *1; accord Mahone, 326 F.3d at 1177 n.1. Rule 60(b) "allows for relief from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the operation of the judgment." Marsh v. Dep't of Child. & Fams., 259 F. App'x 201, 205 (11th Cir. 2007) (citing FED. R. CIV. P. 60(b)) (internal quotation marks omitted). "Motions under [Rule 60(b)] are directed to the sound discretion of the district court." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984).

### III. DISCUSSION

Petitioner raises various grounds in his motion that he previously raised in his petition for habeas corpus. (Doc. 15, at 1-9; Doc. 1, at 2-22.) Petitioner requests the Court dismiss the indictment and vacate his conviction on the following grounds: (i) due process violation; (ii) judicial misstatement; (iii) venue as a jurisdictional fact; (iv) cumulative due process violations; and (v) ineffective assistance of counsel. (Doc. 15, at 1-9.) Petitioner states that "the indictment, jury instruction, and resulting verdict violated due process under the 5th and 14th Amendment[s;] O.C.G.A. [§] 16-8-41, [§] 16-2-20, and [§] 17-8-51[;] and established Georgia precedent. (Id. at 9 (quotations omitted).)

5

Petitioner first argues there was a due process violation when the trial court "instructed the jury on party-to-a-crime liability," although the indictment "made no reference to being a party to a crime under [O.C.G.A. §] 16-2-20(A-D)," "effectively allowing conviction on a theory not charged in the indictment." (Id. at 1-2 (quotations and emphasis omitted).) Petitioner argues that "by instructing the jury on party to a crime liability without any indictment allegation, the trial court allowed a conviction on an uncharged theory, violating [Petitioner's] constitutional rights." (Id. at 2 (quotations and emphasis omitted).)

Next, Petitioner argues the trial court "impermissibly allowed the jury to presume intent, rather than requiring proof beyond a reasonable doubt, stripping the [Petitioner] of the presumption of innocence." (Id. at 3 (quotations and emphasis omitted).) Petitioner also argues venue is a "jurisdictional element that must be proven beyond a reasonable doubt and found by the jury." (Id. at 4 (quotations omitted).) Petitioner argues that the trial court's venue instruction "improperly characterized venue as an established jurisdictional fact rather than a factual issue still to be decided by the jury." (Id. (quotations omitted).) As a result, the trial court "effectively removed the jury['s] exclusive fact-finding role, depriving the [Petitioner] of a lawful trial" and "due process." (Id. at 5-6 (quotations omitted).)

6

Further, Petitioner argues that the "cumulative effects of these constitutional and procedural errors demonstrate a complete breakdown of fundamental fairness," "stripp[ing] the [Petitioner] of the right to a fair trial and lawful verdict." (Id. at 6 (quotations and emphasis omitted).) Petitioner also "asserts that trial counsel provided constitutionally ineffective assistance, compounding the violations described above." (Id. at 7 (quotations omitted).) Finally, Petitioner argues "counsel[']s failures directly caused the constitutional violations to go unchallenged, undermining the fairness of the trial and warranting dismissal." (Id. at 9 (quotations omitted).)

The Court finds Petitioner has not shown – and does not argue – that new evidence, mistake or neglect, manifest error, or exceptional circumstances entitle him to relief. Petitioner repeats his grievances concerning his state court trial that he previously presented to the Court and the Georgia Court of Appeals. Moreover, Petitioner's petition remains time barred. Petitioner failed to timely file his petition one year from the date that his conviction became final on April 29, 2015. (Doc. 3-1, at 4.) After the Georgia Court of Appeals affirmed his conviction, Petitioner did not petition for certiorari to the Georgia Supreme Court within thirty days, and thus, he did not exhaust his rights to appeal. (Id.)

Finally, Petitioner already appealed the Order yet failed to pay the filing and docketing fees, so the Eleventh Circuit

7

dismissed his appeal for want of prosecution.  (Doc. 13, at 2.) Therefore, Petitioner's filing does not provide a legitimate reason for the Court to undertake the drastic measure of reconsidering or changing the determinations it reached in its Order.  Absent a legal basis or evidence to support revisiting previously decided issues, the Court discerns no reason to alter its prior decision.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's motion to dismiss the indictment (Doc. 15) is **DENIED**, and this case stands **CLOSED**.

**ORDER ENTERED** at Augusta, Georgia, this 25th day of June, 2026.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA